**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**WILLIAM D. JONES**,

    Plaintiff,

v.

**UNION INSURANCE COMPANY**,

    Defendant.

---

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL**

---

COMES NOW Defendant, Union Insurance Company ("Union"), by and through counsel, Justin C. Mankin of Montgomery Amatuzio Chase Bell Jones, LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Union states as follows:

1. On July 16, 2018, Plaintiff William D. Jones ("Plaintiff") filed his Amended Complaint against Defendant Union Insurance Company in the District Court for Larimer County, State of Colorado. *See* **Ex. A**, Am. Compl. Plaintiff served Union with the Summons and Amended Complaint on July 24, 2018. *See* **Ex. B**, Waiver of Service.

2. The Amended Complaint asserts that Plaintiff was involved in a motor vehicle accident on or about January 22, 2015 in the State of Colorado. At the time of the accident, Plaintiff alleges he was the operator of a Ford F-150 owned by his employer, Air Comfort, Inc. ("Air Comfort"). Union issued commercial auto coverage to Air Comfort under policy No.

CPA3028780-21 for the June 1, 2014 to June 1, 2015 policy period (the "Policy").  At all times relevant hereto, Plaintiff was a citizen of the State of Colorado.

3.  Prior to the commencement of this action, Plaintiff settled with the alleged tortfeasor, Robert Lott ("Mr. Lott"), for the $25,000.00 liability limit on a personal auto policy issued to Mr. Lott by Progressive Insurance Company ("Progressive").  *See* **Ex. A**, Am. Compl. at ¶ 30 (there appears to be an error in the pleading; in the alternative, Progressive tendered its $50,000.00 liability limit on Mr. Lott's behalf).  Plaintiff brings this action seeking underinsured motorist coverage (UIM) under the Policy for his claimed injuries and damages sustained in the subject accident, the same of which were allegedly not sufficiently compensated for by the Progressive settlement.  The Civil Case Cover Sheet filed with the unserved Complaint on May 23, 2018, indicates that Plaintiff seeks damages in excess of $100,000, excluding interest and costs.  *See* **Ex. C**, at p. 1, ¶ 2. Union will file its Answer to the Amended Complaint within five (5) days of the filing of this Notice of Removal.

4.  Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1). "A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 549 (2014) ("*Dart*") (*quoting* 28 U.S.C. § 1446(a)).

5.     The diversity requirement of § 1332(a) is satisfied here, as the parties are completely diverse.  Plaintiff is a Colorado citizen, residing in Loveland, Colorado.  *See* **Ex. A**, Am. Compl. at ¶ 1. Defendant Union is an Iowa corporation with its principal place of business in the State of Iowa. *See* **Ex. D**, Iowa Secretary of State Summary Sheet.

6.     While the Complaint is silent as to the precise nature and extent of Plaintiff's injuries and damages, when removing a case to Federal Court, a defendant "may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deer & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008).  On or about June 26, 2017, Plaintiff settled his claim against Mr. Lott for $25,000.00. *See* **Ex. A**, Am. Compl. at ¶ 30. Around the same proximate time, Plaintiff put Union on notice of Plaintiff's intention to pursue UIM coverage under the Policy issued to Air Comfort.  Since the subject motor vehicle accident, Plaintiff alleges to have incurred approximately $117,486.40 in previous medical expenses, as well as $26,761.29 in previous wage losses. *See* **Ex. A.**, Am. Compl. at ¶ 16-17. Although the prior medical expenses and wage losses remain in dispute, the foregoing allegations of incurred expenses and wage losses, standing alone, are sufficient to show that the amount in controversy exceeds $75,000.00.

7.     While there is sufficient independent evidence to show that the amount in controversy exceeds $75,000, the Tenth Circuit Court of Appeals recently ruled that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet.  And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state

proceeding (whether or not simplified procedures will apply).") (citing *Henderson v. Target Stores, Inc.,* 431 F.Supp.2d 1143, 1144 (D. Colo. 2006)). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Defendant Union, exclusive of interests and costs. *See* **Ex. C.**, at p. 1, ¶ 2. Therefore, the jurisdictional amount in controversy has been met.

8. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135, at *1 (D. Colo. Feb. 11, 2010) (*quoting Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Defendant was served on July 24, 2018. *See* **Ex. B**, Waiver of Service. The thirty day deadline to effectuate removal under 28 U.S.C. § 1446(b) falls on August 23, 2018. Therefore, this Notice of Removal is timely.

9. Pursuant to 28 U.S.C. § 1446(d), Union will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

10. As required by D.C.Colo.LCivR 81.1 and § 1446(a), all papers filed in this matter in the District Court for Larimer County, State of Colorado, are attached to this Notice of Removal as specifically referenced exhibits or otherwise labeled as **Exhibits A – F**.

11.     Pursuant to D.C.Colo.LCivR 81.1, Union represents that no motion hearings are currently set in the state court action and no trial date has been set.

12.     By filing this Notice of Removal, Union does not waive any defenses that may be available to it.

Respectfully submitted August 14, 2018.

>MONTGOMERY AMATUZIO
>CHASE BELL JONES, LLP
>
>By: */s/Justin C. Mankin*
>     Justin C. Mankin
>     4100 E. Mississippi Ave, 16th Floor
>     Denver, Colorado 80246
>     Telephone: (303) 592-6600
>     Fax: (303) 592-6666
>     Email: jmankin@mac-legal.com
>
>ATTORNEYS FOR DEFENDANT UNION
>INSURANCE COMPANY

## CERTIFICATE OF MAILING

I hereby certify that on August 14, 2018, a true and correct copy of the foregoing **DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL** was prepared for service in the manner indicated below:

*Counsel for Plaintiff:*
Nathan T. Mattison, #38627
Robert H. Harper, #48454
Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South
Suite 1030
Denver, CO 80246
nmattison@dlslawfirm.com
rharper@dlslawfirm.com

☐ Fax   ☐ U.S. Mail   ☐ E-mail   ☒ ECF

*s/Lisa M. Gruning*
[Signature on File: Lisa M. Gruning]