| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, COLORADO**<br>**Larimer County Justice Center**<br>201 La Porte Ave, Suite 100<br>Ft. Collins, CO 80521 | DATE FILED: May 23, 2018 4:50 PM<br>FILING ID: 9CBCA97C1F850<br>CASE NUMBER: 2018CV30515 |
| Plaintiff: **WILLIAM D. JONES**<br><br>v.<br><br>Defendant: **CONTINENTAL WESTERN INSURANCE COMPANY** | ▢COURT USE ONLY▢ |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Robert H. Harper, #48454<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com<br>         rharper@dlslawfirm.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

**COMES NOW**, Plaintiff, William D. Jones, by and through his attorneys at the Law Offices of Dianne Sawaya, LLC, and for his *Complaint* and jury demand against Defendant Continental Western Insurance Company, states as follows:

## PARTIES AND JURISDICTION

1. At all times relevant herein, Plaintiff William Jones (hereinafter "Plaintiff") resided at 377 Knobcone Dr., # 102, Loveland, Colorado 80538.

2. Upon information and belief, at all times relevant hereto, Defendant Continental Western Insurance Company (hereinafter "Defendant Continental"), is and was a foreign corporation, with its principal place of business located at 11201 Douglas Avenue Urbandale, Iowa 50322, and is and was an insurance company authorized to do business in the State of Colorado and was doing business in the State of Colorado, with its registered agent, Colorado Division of Insurance, located at 1560 Broadway, Denver, CO 80202.

3. Upon information and belief, at all times relevant hereto, the underinsured tortfeasor, Robert Lott ("Mr. Lott"), is and was a resident of the City of Fort Collins, County of

1

Larimer, State of Colorado, and at the time of the automobile collision discussed herein, resided 1603 Greengate Dr. Fort Collins, CO 80526.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

5. Venue is proper pursuant to C.R.C.P. 98(c), because the incident alleged below occurred within Larimer County, Colorado, a party to the contract at issue resides in Jefferson County, Defendant Western does business in Larimer County and the breach at issue occurred in Larimer County.

## GENERAL ALLEGATIONS

6. Plaintiff repeats and re-alleges each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

7. The incident giving rise to this action occurred at or about the intersection of S. College Ave./Highway 287 and E. Trilby W. Belleview Ave., in the City of Fort Collins, County of Larimer, State of Colorado, at approximately 5:45 a.m. on January 22, 2015.

8. On January 22, 2015, at approximately 5:45 a.m., Plaintiff was the restrained driver of his 2007 Ford F-150, traveling northbound on S. College Ave./Highway 287, approaching the intersection of East Trilby Ave., when Mr. Lott, an underinsured tortfeasor operating a 2000 Honda CRV, was facing southbound in the left turn lane, waiting to turn east on E. Trilby Ave. Mr. Lott negligently and carelessly turned left when he did not have a green arrow and pulled in front of the Plaintiff's auto that was lawfully traveling through the intersection, causing collision wherein both vehicles sustained extreme damage and both drivers were taken to the hospital.

9. The airbags of Plaintiff's auto deployed as a result of the impact.

10. Mr Lott was cited by the Fort Collins Police Department for Failure to Yield Right Of Way When Turning Left, C.R.S. 42-4-702.

11. The sole cause of the subject motor vehicle collision was Mr. Lott's negligent, careless and dangerous conduct and his failure to exercise due care in avoiding harm to other motorists, failing to properly obey traffic signals, right of ways, entering of his auto in the roadway that was not clear, and other driving rules and statutes, to include but not be

limited to violations of the following: <u>C.R.S. § 42-4-603 (</u>Disobedience to a Traffic Signal), <u>C.R.S. § 42-4-1401</u>(Reckless Driving), <u>C.R.S. § 42-4-1402</u> (Careless Driving), <u>C.R.S. § 42-4-603</u>, (Obedience to Official Traffic Control Devices), C.R.S., <u>C.R.S. § 42-4-703</u>(Entering Through Highway); C.R.S. 42-4-704 (Vehicle entering roadway); , <u>C.R.S. 42-4-702(</u>Failure to Yield Right Of Way When Turning Left)<u>.</u>

12. These violations amount to negligence *per se*.

13. At all times relevant herein, Plaintiff acted reasonably under the circumstances.

14. At all times relevant herein, Plaintiff mitigated his damages.

15. Plaintiff is the proper party to bring this claim.

16. As a direct and proximate result of the motor vehicle collision giving rise to this action, Plaintiff has been forced to incur medical bills for treatment in the amount of approximately $117,486.40 and may continue to incur additional medical bills in the future.

17. As a direct and proximate result of the motor vehicle collision giving rise to this action, Plaintiff has incurred wage loss of approximately $26,761.29.

18. As a direct and proximate result of the motor vehicle collision giving rise to this action, Plaintiff may continue to incur additional medical bills in the future, for reasonable and necessary medical expenses.

19. As a direct and proximate result of the January 22, 2015 motor vehicle collision, Plaintiff has sustained serious permanent injuries, damages, and losses.

20. As a direct and proximate result of the January 22, 2015 motor vehicle collision, Plaintiff has sustained physical impairment.

21. As a direct and proximate result of the January 22, 2015 motor vehicle collision, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

22. As a direct and proximate result of the January 22, 2015 motor vehicle collision, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

23. Plaintiff did not suffer from any pre-existing physical or emotional conditions which in any way contributed to his injuries or damages.

24. At all times relevant to this action, Plaintiff is legally entitled to recover damages from the tortfeasor, Mr. Lott, as a result of bodily injury sustained by Plaintiff.

25. At all times relevant to this action, and at the time of the underlying motor vehicle collision on January 22, 2015, the tortfeasor's vehicle was insured by a bodily injury liability bond or policy issued by Progressive Preferred Insurance that provided bodily injury liability limits insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled. The tortfeasor's vehicle was an "underinsured motor vehicle" pursuant to policy number CPA302878022, issued by Defendant Western.

26. At all times relevant to this action, and at the time of the underlying motor vehicle collision, neither the vehicle driven by the tortfeasor, Mr. Lott, nor Mr. Lott himself was insured through any other applicable bodily injury liability bond or policy providing coverage for the full amount of damages to which Plaintiff was entitled arising from bodily injury sustained by Plaintiff and caused by Mr. Lott on January 22, 2015.

27. At all times relevant to this action, including the date of the subject motor vehicle collision, January 22, 2015, Plaintiff was an "insured person" with Defendant Western through an insurance policy, number CPA302878022, as defined therein, which was in full force and effect, sold by Defendant Western, and purchased by Plaintiff's employer, Air Comfort Inc., which in part provided for uninsured motorist benefits pursuant to C.R.S. 10-4-609(4) in the amount of $1,000,000.00 each accident.

28. The insurance policy providing coverage to Plaintiff, and issued by Defendant Western to Air Comfort Inc., number CPA302878022, included uninsured/underinsured motorists coverage and provided that Defendant Western will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured or underinsured auto because of bodily injury sustained by an insured person.

29. **The vehicle driven by the tortfeasor, Mr. Lott, is an "uninsured motorist/auto" and/or "underinsured motorist/auto" under the insurance policy issued by Defendant Western, number CPA302878022.**

30. Here, at the time of the subject collision, the vehicle driven by Mr. Lott was insured by a bodily injury liability bond or policy issued by Progressive Insurance in the amount of $25,000/50,000, insufficient to fully compensate Plaintiff for his injuries, losses, and damages. Mr. Lott's $50,000 policy limits were tendered by Progressive Insurance on or about June 28, 2016.

31. Upon information and belief, Defendant Western is also liable for the negligence of the underinsured/uninsured tortfeasor for damages to which the Plaintiff is legally entitled to recover under the aforementioned uninsured/underinsured motorist policy coverage, for which Plaintiff's employer, Air Comfort Inc., paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c), and that covered the Plaintiff as an insured during his operation of the vehicle at the time of the collision.

32. Defendant Western has breached the contract of insurance and policy #CPA302878022 by failing to pay underinsured/uninsured benefits owed to Plaintiff pursuant to Defendant Western's own policy, number CPA302878022, an insurance contract entered into with Air Comfort Inc., for the benefit of insured persons, including Plaintiff William (Bill) D. Jones.

33. At the time of the January 22, 2015 motor vehicle collision, Plaintiff was insured through an insurance policy issued by Defendant Western to Air Comfort Inc., which in part provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) in the amount of $1,000,000.00, policy number CPA302878022, which was in full force and effect at the time of the subject collision.

34. Plaintiff's insurance policy through Defendant Western included underinsured/unisured motorist coverage, which provided that Defendant Western would pay for damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured/uninsured motor vehicle.

35. Plaintiff is legally entitled to recover compensatory damages for bodily injury from underinsured owner/operator Mr. Lott, including but not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

36. Upon information and belief, Defendant Western is liable to Plaintiff for the for the damages described above arising out of the underinsured tortfeasor's negligence through the aforementioned uninsured/underinsured motorist policy coverage for which Air Comfort Inc. paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

37. Defendant Western has refused to pay Plaintiff appropriate underinsured motorist benefits under the insurance policy issued and/or sold by Defendant Western to Air Comfort Inc., which further provides coverage to Plaintiff as a beneficiary, in order to properly and sufficiently compensate Plaintiff for his damages.

38. As of the date of the filing of this Complaint, Defendant has refused to pay Plaintiff underinsured motorist benefits under the policy Defendant issued to Air Comfort Inc., to properly and sufficiently compensate insured persons, including Plaintiff, William Jones here, for damages to which he is entitled.

39. The Western policy, number CPA302878022, remained current and in effect during all time periods relevant to this Complaint.

40. Western, as an underinsured motorist carrier providing Plaintiff coverage through policy number CPA302878022, is responsible for paying the damages to which Plaintiff is entitled as a direct and proximate result of the underinsured tortfeasor Mr. Lott's negligence, which caused Plaintiff's injuries.

41. Defendant Western has breached the contract of insurance and insurance policy number CPA302878022 by failing to pay benefits owed to insured persons, including Plaintiff, William Jones, pursuant to Defendant Western's own policy and contract entered into with Air Comfort Inc., for valuable consideration, specifically, premium payments.

42. At the time of the January 22, 2015 motor vehicle collision, policy number CPA302878022 issued by Defendant Western was in full force and effect. Under the terms of Air Comfort Inc.'s insurance policy, and specifically, included Plaintiff who was an insured under the stated policy, as the 2007 F-150 was an insured motorist/auto listed under policy CPA302878022.

43. As the direct and proximate result of the negligence of the uninsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant Western, Plaintiff has incurred past and future economic losses which include loss of home services, lost wages, reasonable and necessary past and future medical expenses including, but not limited to emergency care, physician care, hospital care, physical therapy, chiropractic care, injection therapy, neurological care, imaging, prescription medications, and other expenses.

44. As the direct and proximate result of the negligence of the uninsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant Western, Plaintiff has suffered permanent physical impairment, disfigurement, past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

45. Despite requests by Plaintiff through his counsel, Defendant Western has failed to pay reasonable, appropriate, or otherwise legally entitled underinsured motorist benefits to Plaintiff.  Specifically, Defendant Western has failed to pay Plaintiff any amounts to which Plaintiff is legally entitled to collect under the policy.

46. Accordingly, Plaintiff seeks general and special damages from Defendant Western as a direct and proximate consequence of the injuries and damages suffered as a result of the underinsured tortfeasor's negligence as well as of Defendant Western's breach of contract.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – Underinsured Motorist Benefits Claim)

47. Plaintiff repeats and re-alleges each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

48. At the time of the January 22, 2015 motor vehicle collision, Plaintiff was insured through an insurance contract and policy issued by Defendant Western to Air Comfort Inc., which in part provided underinsured motorist protection benefits and coverage, through effective policy number CPA302878022, in the amount of $1,000,000.00 each person/$1,000,000.00 each occurrence. *

49. The insurance policy issued by Defendant Western to Air Comfort Inc., provides coverage to Plaintiff, included underinsured motorist coverage, which provides that Defendant Western will pay damages that an insured person is legally entitled to recover from the owner or operator of an 'uninsured motorist/auto' because of bodily injury sustained by an insured person ("insured person" defined in part as "you and any resident relative…").

50. At all times relevant to this action, and at the time of the underlying motor vehicle collision on January 22, 2015, the tortfeasor's vehicle was insured by a bodily injury liability bond or policy issued by Progressive Preferred Insurance that was insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled.  The tortfeasor's vehicle was an "underinsured Motorist/Auto" pursuant to policy number CPA302878022 issued by Defendant Western,

7

as the tortfeasor's policy, that provided compensation for the insured person's/Plaintiff's injuries that were in an amount less than the amount the insured person [i.e. Plaintiff] was legally entitled to recover for bodily injury from the owner or operator of that motor vehicle.

51. At the time of the January 22, 2015 motor vehicle collision, Plaintiff was the occupant and driver of a 2007 Ford F-150 pick-up truck, an auto/motorist insured by Defendant Western through policy number CPA302878022, which was in full force and effect. Therefore, under the terms of Air Comfort Inc' insurance policy, and specifically, as insured person, defined to include, among other grounds, a permissive driver/motorist or operator of the auto, meaning Plaintiff was an insured person under the stated policy.

52. Air Comfort Inc.'s insurance policy with Defendant Western included uninsured/underinsured motorists coverage under which provided that Defendant Western will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured/underinsured motorist/auto because of bodily injury sustained by an insured person. Therefore, the policy here, provided underinsured motorist coverage and benefits to Plaintiff.

53. Upon information and belief, Defendant Western is also liable for the negligence of the underinsured tortfeasor, and therefore, also liable for the resulting losses to Plaintiff under Air Comfort Inc.'s aforementioned underinsured motorist policy coverage, for which Air Comfort Inc. paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

54. Defendant Western has breached the contract of insurance and insurance policy number CPA302878022 by failing to pay uninsured/underinsured benefits owed to Plaintiff pursuant to Defendant Western's own policy and contract entered into with Air Comfort Inc., for the benefit of the Plaintiff.

55. Plaintiff is legally entitled to recover damages for bodily injury from the underinsured owner/operator Mr. Lott as a result of his negligent conduct at the time of the subject motor vehicle collision; these damages include, but are not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

56. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant Western, Plaintiff has incurred past and future economic losses which include loss of home services, lost wages, reasonable and necessary past and future medical expenses including, but not limited to emergency care, physician care, hospital care, physical therapy, chiropractic care, injection therapy, neurological care, imaging, prescription medications, and other expenses.

57. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant Western, Plaintiff has

suffered permanent physical impairment, disfigurement, past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

58. Despite requests by Plaintiff through his counsel, Defendant Western has failed to pay reasonable, appropriate, or otherwise legally entitled underinsured motorist benefits to Plaintiff. Specifically, Defendant Western has failed to pay Plaintiff any amounts to which Plaintiff is legally entitled to collect under the policy.

59. Accordingly, Plaintiff seeks general and special damages from Defendant Western as a direct and proximate consequence of the injuries and damages suffered as a result of the underinsured tortfeasor's negligence as well as of Defendant Western's breach of contract.

60. At the time of the subject motor vehicle collision on January 22, 2015, Air Comfort Inc. had paid the requisite uninsured/underinsured motor vehicle insurance premiums.

61. At all times relevant hereto, Plaintiff has complied with all conditions precedent to coverage as an insured person under the insurance policy issued by Defendant Western to Air Comfort Inc.

62. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Western has not been prejudiced by the failure to comply.

63. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant Western may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

64. At the time of the subject motor vehicle collision on January 22, 2015, the driver at fault for the collision, as well for Plaintiff's bodily injuries and damages stemming therefrom, was underinsured within the meaning of underinsured as set forth in the insurance contract between Air Comfort Inc. and Defendant Western.

65. Defendant Western is legally required to pay Plaintiff's damages pursuant to the underinsured motorist coverage section of the above stated insurance policy in effect on the date of injury, January 22, 2015.

66. As of the date of filing this *Complaint*, Defendant Western has not made a sufficient and reasonable offer of underinsured motorist benefits to which Plaintiff is legally entitled to collect as damages under the contract.

67. Defendant Western has breached its contract of insurance with Plaintiff by denying the underinsured motorist benefits and/or refusing to pay benefits to which Plaintiff is entitled under the contract.

68. Plaintiff has performed all conditions precedent and has been damaged by Western's breach of contract in an amount to be proven at trial.

69. As a direct and proximate result of Defendant Western's breach of contract and breach of its fiduciary duty to its insured, Plaintiff has suffered injuries, damages, costs, losses, and expenses, for which Defendant Western is legally liable in an amount to be proven at trial.

**WHEREFORE**, Plaintiff sues Defendant Western for compensatory damages, underinsured motorist benefits, and breach of contract and accordingly requests that this honorable Court enter judgment in his favor and against Defendant Western in an amount to fairly compensate Plaintiff, to be determined at trial, together with statutory interest accrued from the date of the subject collision or as otherwise permitted under Colorado law, court costs, expert witness fees, reasonable attorney's fees, any other such relief as the Court deems just and proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate the Plaintiff for past, present and future economic loss;
(b) For an amount which will reasonably compensate the Plaintiff for medical expenses, past and future;
(c) For an amount which will reasonably compensate the Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;
(d) For an amount which will reasonably compensate the Plaintiff for non-economic damages, including but not limited to pain and suffering, past and future;
(e) For an amount which will reasonably compensate the Plaintiff for loss of enjoyment of life and/or the capacity of life;
(f) For an amount which will reasonably compensate the Plaintiff for breach of contract;
(g) Reasonable attorney's fees and costs incurred in bringing this action;
(h) For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY OF SIX**

Dated: May 23, 2018                              Respectfully Submitted,

**Law Offices of Dianne Sawaya, LLC**

/s/Nathan T. Mattison
Nathan T. Mattison, Esq.
Robert H. Harper, Esq.
Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 80246
(303) 758-4777
*Attorneys for the Plaintiff*

*Plaintiff's Address*
4320 McWhinney Blvd. Appt. 116
Loveland, CO 80538

11